IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,

        Plaintiff,                            Criminal No. 13-0014

        v.                               ELECTRONICALLY FILED

EARL SHARIF SCOTT,

        Defendant.

**MEMORANDUM ORDER OF COURT**

Before the Court is a counseled Motion to Terminate/Supervised Release filed by

Defendant. ECF 60.  The Government filed a Response opposing this motion.  ECF 63.  The

matter is ripe for disposition.

Presently, Defendant is on supervised release in the Western District of Pennsylvania.

Previously, after pleading guilty to a one-count Information charging him with possession to

distribute cocaine, Defendant was sentenced to a term of ten years' imprisonment and six years'

supervised release.  ECF 41.

Defendant pled guilty to the Information after negotiating a plea agreement in accordance

with Pa.R.Crim.Pro. 11 (c)(1)(C), which the Court accepted during Defendant's waiver of

indictment and guilty plea hearing.  The Court sentenced Defendant to ten years' imprisonment

and six years' supervised release. Thus, Defendant's sentence was and is precisely what he

agreed to serve in accordance with his 11(c)(1)(C) plea agreement.

The Court notes that Defendant alleges that has completed over three years of his

supervised release, and during that time, he has been gainfully employed working two, part-time

jobs, and successfully completed a drug rehabilitation program.  Defendant's Motion asks this

Court to terminate Defendant's remaining term of his supervised release because he has been compliant with the terms of his supervised release for three-plus years. Defendant's also proffered letter from his two employers who describe Defendant as hard-working and reliable.

This Court commends Defendant for the progress he has made and lauds the effort it has taken him to become a productive member of society.  However, Defendant's plea agreement, which contained an 11(c)(1)(C) clause, coupled with the opposition to the early termination of supervised release by the Government, compels this Court from granting Defendant's request for same.

As noted by the Government in its Response, the "primary purpose of supervised release is to facilitate the integration of offenders back into the community rather than to punish them." *United States v. Albertson*, 645 F.3d 191, 197 (3d Cir. 2011). Supervised release "serves as means of rehabilitation." *United States v. Sheppard*, 17 F.4th 449, 454 (3d Cir. 2021) (citing *United States v. Johnson*, 529 U.S. 53, 59 (2000)).

Although this Court "may also cut short a defendant's term of supervised release" (see 18 U.S.C. § 3583(e)), before doing so, must first consider the factors same § 3553 factors it relied upon when fashioning Defendant's criminal sentence.  Here, Defendant agreed with the Government that six years of supervised release was the proper amount of time to serve under supervision, and this Court approved the six-year term.

Notably, from 1990, when Defendant was 21 years old, until 2011 (his arrest in the instance matter) Defendant was convicted of other drug crimes as well as assault.  This Court finds that the sentence it imposed (as agreed upon by Defendant the Government), was an appropriate sentence given Defendant's past criminal history and his offense conduct in the instant case.

This Court is pleased that Defendant has been fully compliant with his terms of his supervised release thus far, but compliance with his six-year term is expected.  As this Court expressed during sentencing, it was Defendant's current and past crimes which spanned over a decade, that warranted the ten-year incarceration period to be followed by the six-year term of supervision.  Thus, the Court, in the interest of justice, finds no reason for an early termination of same.

AND NOW, this 17th day of August, 2023 this Court hereby DENIES Defendant's Motion to Terminate Supervised Release.

SO ORDERED, this 17th day of August, 2023,

s/Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc:    All ECF Registered Counsel of Record