IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,

        Plaintiff,                                 Criminal No. 13-0014

        v.                                      ELECTRONICALLY FILED

EARL SHARIF SCOTT,

        Defendant.

**MEMORANDUM ORDER OF COURT**

Before the Court is Defendant's second counseled Motion to Terminate/Supervised Release filed by Defendant. ECF 67. The Government filed a Response opposing this motion. ECF 63. The matter is ripe for disposition.

Presently, Defendant is on supervised release in the Western District of Pennsylvania. Previously, after pleading guilty to a one-count Information charging him with possession to distribute cocaine, Defendant was sentenced to a term of ten years' imprisonment and six years' supervised release. ECF 41.

Defendant pled guilty to the Information after negotiating a plea agreement in accordance with Pa.R.Crim.Pro. 11 (c)(1)(C), which the Court accepted during Defendant's waiver of indictment and guilty plea hearing. The Court sentenced Defendant to ten years' imprisonment and six years' supervised release in accordance with the terms of his 11(c)(1)(C) plea agreement.

Defendant filed a motion identical to the instant motion approximately one year ago, in July of 2023 (ECF 60), which this Court denied. ECF 64. Defendant has served over 4 years of his 6-year term of supervised release and he attached letters from his employer who is pleased with his work ethic and output.

Although this Court "may also cut short a defendant's term of supervised release" (see 18 U.S.C. § 3583(e)), before doing so, must first consider the factors same § 3553 factors it relied upon when fashioning Defendant's criminal sentence.  In this case, Defendant agreed with the Government that six years of supervised release was the proper amount of time to serve under supervision, and this Court approved the six-year term. This Court finds that the sentence it imposed (as agreed upon by Defendant the Government), was an appropriate sentence given Defendant's past criminal history and his offense conduct in the instant case.

This Court is pleased that Defendant has been compliant with his terms of his supervised release thus far, but compliance with his six-year term is expected.  As this Court expressed during sentencing, it was Defendant's current and past crimes which spanned over a decade, that warranted the ten-year incarceration period to be followed by the six-year term of supervision. Thus, the Court, in the interest of justice, finds no reason for an early termination of same.

AND NOW, this 21st day of August, 2024, this Court hereby DENIES Defendant's Motion to Terminate Supervised Release.

                        SO ORDERED, this 21st day of August, 2024,

                        s/Arthur J. Schwab
                        Arthur J. Schwab
                        United States District Judge

cc:    All ECF Registered Counsel of Record